In the Matter of the Claim of Albert J. Meszaros, Respondent, against Max Goldman et al., Appellants, and Louis Efros et al., Respondents. Workmen's Compensation Board, Respondent.— Appeal by an employer and its insurance carrier from an award of compensation to claimant for partial disability between January 25, 1951, and November 30, 1951, at the reduced earning rate of $12 per week. Claimant sustained two separate accidents on July 23, 1942, and December 14, 1945, respectively. The board held that claimant's disability was attributable to both accidents, charging one third thereof to the first accident and two thirds to the second accident, and made awards correspondingly against two different employers and their carriers. The employer and its carrier, involved in the first accident, appeal from the award on the ground that it contravenes that part of subdivision 6 of section 15 of the Workmen's Compensation Law, which reads: "In no event shall compensation when combined with decreased earnings or earning capacity exceed the amount of wages which the employee was receiving at the time the injury occurred." At the time of his first accident claimant's average weekly wage was $19.23 per week. At the time of his second accident his average weekly wage was $59.90. Although the board did not so find there is proof that claimant made from $25 to $35 per week during the period the award covered, the major part of which came from a small soap business which he was then conducting. Appellants argue that the award against them was improper because claimant's earnings of from $25 to $35 per week, plus the award for decreased earning capacity at the rate of $12 per week, exceed the wages he was receiving at the time of his accident. Mathematically the same result would be reached if only the appellants' share of $4 a week were added. It is doubtful whether claimant's profits from the soap business should be considered as wages or earning capacity within the intent of the statute, but assuming this to be proper we nevertheless think the board was correct in taking as a standard his wages at the time of the second accident. It was not until then that his disability resulting from both accidents actually occurred. In a pragmatical sense therefore his injury, as the term is used in the statute, occurred at the time of the second accident. The fact that the first accident has been found to be partly responsible for the terminal result does not alter this conclusion. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.